# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OAKWOOD INSURANCE COMPANY,**

      **Plaintiff,**

**v.**                                                      **Case No:   6:18-cv-437-Orl-31KRS**

**NORTH AMERICAN RISK SERVICES, INC.,**

      **Defendant.**

## ORDER

This Matter comes before the Court without a hearing on the Defendant's ("NARS") Motion to Dismiss (Doc. 8) and the Plaintiff's Response in Opposition (Doc. 19).

### I. Background

The Plaintiff filed its Complaint on February 14, 2018. Doc. 1. Count I alleges breach of Contract against NARS, Count II alleges negligence against NARS, and Count III alleges Negligent Misrepresentation against NARS. On March 9, 2018, NARS filed the Motion to Dismiss. Doc. 8. On April 5, 2018, the Plaintiff filed its Response in Opposition. Doc. 19.

### II. Legal Standards

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III. Analysis**

**A. Standing**

NARS first argues that Oakwood is a non-party to the subject contract and, as such, lacks standing to sue for Counts I, II, and III. Doc. 8 at 1. According to the allegations in the Complaint, Oakwood is a successor corporation that is the surviving entity to a merger, not an assignee. *See Corp. Exp. Office Prod., Inc. v. Phillips*, 847 So. 2d 406, 414 (Fla. 2003) (explaining that no assignment was necessary "because in a merger, the two corporations in essence unite into a single corporate existence"). Taking Oakwood's allegations as true, Oakwood has standing to sue for Breach of Contract, Negligence, and Negligent Misrepresentation.[1]

---

[1] The Court questions whether Negligence (Count II) is a viable claim. However, the

**B. Indemnification**

Second, NARS argues that the Court should dismiss the complaint because "NARS was contractually indemnified from any claims by Oakwood's predecessor." Doc. 8 at 1. The indemnification provision in the contract applies to third party claims, and does not shield NARS from a breach of contract claim by the other contracting party. NARS's contention is without merit and is rejected by the Court.

**C. Negligent Misrepresentation**

Finally, NARS argues that Oakwood's claim for negligent misrepresentation was insufficiently pled. Doc. 8 at 1. To recover on a claim of negligent misrepresentation, a plaintiff must establish: (1) a misrepresentation of a material fact; (2) lack of knowledge by the representor as to the truth or falsity of the representation, or circumstances under which he ought to have known of its falsity; (3) intent by the representor that the representation induce another to act on it; and (4) injury to the plaintiff as a result of acting in justifiable reliance on the misrepresentation. *Postel Indus., Inc. v. Abrams Grp. Const., L.L.C.*, No. 6:11-cv-1179-ORL-28, 2012 WL 4194660, at *2 (M.D. Fla. Sept. 19, 2012). Under Florida law, negligent misrepresentation is considered tantamount to actual fraud. *Ostreyko v. B.C. Morton Organization, Inc.*, 310 So.2d 316, 318 (Fla. 3d DCA 1975). As such, the stricter pleading requirements of Fed. R. Civ. P. 9(b) apply to the negligent misrepresentation claim. *Postel Indus., Inc.*, 2012 WL 4194660, at *2. Oakwood's claim for negligent misrepresentation is little more than a bare recitation of the elements. To state a claim for negligent misrepresentation, Oakwood must include more facts relating to the nature of the alleged misrepresentation.

---

Defendant only asserted standing in support of its Motion to Dismiss Count II.

### IV. Conclusion

For the foregoing reasons, the Motion to Dismiss (Doc. 8) is **GRANTED IN PART** and **DENIED IN PART**. The Motion to Dismiss with respect to Counts I and II is **DENIED**. The Motion is **GRANTED** as to Count III and Count III is **DISMISSED** without prejudice. If the Plaintiff wishes to file an amended complaint, it must do so by July 27, 2018.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 11, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party