# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**OAKWOOD INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                                                           **Case No:   6:18-cv-437-Orl-31KRS**

**NORTH AMERICAN RISK SERVICES, INC.,**

    **Defendant.**

## ORDER

This Matter comes before the Court on the Defendant's Motion to Join Additional Parties to Counterclaim (Doc. 27) and the Plaintiff's Response (Doc. 32). The Defendant filed its Counterclaim (Doc. 28) contemporaneously with the Motion.

**I.**

The claims in the Complaint filed by the Plaintiff, Oakwood Insurance Company ("Oakwood"), allege breach of contract, negligence, and negligent misrepresentation against North American Risk Services, Inc. ("NARS"). These claims arise out of a Claims Servicing Agreement ("CSA") between NARS and Mount Beacon Insurance Company ("MBIC"). The CSA lasted from January 1, 2016 to May 16, 2017. Oakwood brought the claims against NARS as the surviving entity of a merger with MBIC, which had occurred on July 20, 2017—after the CSA had ended.

NARS "seeks to add Florida Specialty Acquisition, LLC ("FSA"), a Delaware limited liability company, and Florida Specialty Insurance Company ("FSI"), a Florida corporation, as compulsory Counter-Defendants." Doc. 27 at 1.  The "Counterclaim" attempts to allege seven counts against Oakwood, FSA, and FSI: Count I alleges breach of contract against Oakwood; Count II alleges

breach of the implied covenant of good faith and fair dealing against Oakwood; Count III alleges negligence against Oakwood; Count IV alleges tortious interference with contractual relationship against FSI and FSA; Count V alleges breach of contract against FSI and FSA; Count VI alleges negligence against FSI and FSA; and Count VII alleges civil conspiracy against Oakwood, FSI, and FSA.

FSI and FSA appear to have had some connections to the dealings related to the CSA. FSI apparently acquired MBIC on June 3, 2016. Doc. 28 ¶ 19. NARS alleges that acquisition violated the CSA, "which required NARS's written consent before the assignment or conveyance of any of [MBIC's} rights or interests under the CSA to another party." *Id.* After FSA acquired MBIC, FSI "sought to be substituted" into the CSA as the party to be noticed in place of MBIC. Doc. 27 at 4. According to NARS, the CSA amendments that form the basis of the Complaint were actually negotiated by FSI. Doc. 27 at 4. NARS alleges that it was dealing with FSA and FSI, rather than MBIC, six months into the sixteen-month CSA. *See id.*

**II.**

NARS moves to join FSA and FSI to its counterclaim as "compulsory counter-defendants." Contrary to Oakwood's assertions, there is no rule preventing defendants from adding persons as counter-defendants to counterclaims. *See* Fed. R. Civ. P. 13(h). However, "[d]efendants may not circumvent the rules of third-party pleading by merely denominating their claims against [third parties] as 'counterclaims.'" *Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 11335167, at *1 (M.D. Fla. Oct. 3, 2008). Additional parties may only be joined to a counterclaim if that counterclaim is brought against an opposing party. *See id*. If it is not "directed to an existing party, neither the counterclaim nor the party to be added will be allowed in the action." 6 Wright & Miller, FED. PRAC. & PROC. CIV. § 1435 (3d ed.). NARS improperly

attempts to state three "counterclaims" against third parties alone: Count IV for tortious interference against FSI AND FSA; Count V for breach of contract against FSI and FSA; and Count VI for negligence against FSI and FSA. Thus, the Motion to Join Additional Parties to Counterclaim will be denied as to Counts IV, V, and VI.

### III.

Count VII is a counterclaim to which parties could be joined under Rule 13(h), because it asserts a claim for civil conspiracy against Oakwood, the opposing party. "Rules 19 and 20 govern the addition of a person as a party to a counterclaim . . . ." Fed. R. Civ. P. 13(h). Rule 19 governs required joinder, and Rule 20 governs permissive joinder.

First, NARS argues that both FSA and FSI are required to be joined for NARS to be able to obtain complete relief. Under Rule 19(a), the Court first determines "whether the person in question is one who should be joined if feasible." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014) (internal quotations and citations omitted). Next, if the party is necessary under Rule 19(a), the Court "determines whether the Rule 19(b) factors permit the litigation to continue if the party cannot be joined, or instead whether they are indispensable." *Id.*

The relevant portion of Rule 19(a) states as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

NARS claims that, under Rule 19(a), the Court cannot provide NARS with complete relief "without assessing [the] failure [of FSI and FSA] to perform their obligations under the Mount Beacon-NARS agreement for the final ten or eleven months of the sixteen month contract duration." Doc. 27 at 7. NARS alleges that Oakwood claims that FSA was a party to the contract, citing to paragraph 13 of the Complaint. Doc. 27 at 7. However, paragraph 13 says no such thing; it merely states that, "prior to merging with Oakwood, Mount Beacon was acquired by [FSA]." Doc. 1 ¶ 13. In its Response, Oakwood makes clear that "FSA and FSI are not parties to the CSA." Doc. 32 at 11.

NARS never explains how FSA and FSI would have become parties to the CSA. Indeed, it is unclear whether NARS is even claiming FSA and FSI are parties to the CSA. In the Counterclaim, NARS alleges that Oakwood is liable for the damages caused by MBIC because it is the surviving entity of the merger with MBIC. Doc. 28 ¶ 41. But NARS gives no similar explanation as to why FSA and FSI would be liable for the damages caused by MBIC. Instead, NARS makes vague statements, like "to the extent they performed Mount Beacon's duties under the CSA, FSA and its related company FSI effectively assumed all the terms and conditions of the CSA," Doc. 28 ¶ 78, and that "FSA took over the [ ] contract . . . after it acquired Mount Beacon," Doc. 27 at 8. Such statements are insufficient for a determination that relief cannot be accorded among the existing parties.

The facts are simple: (1) MBIC and NARS entered into a contract and (2) MBIC merged with Oakwood, leaving Oakwood as the surviving entity responsible for MBIC's contractual obligations. NARS gives no reasonable explanation as to why its claims against Oakwood cannot provide it with complete relief for any damages it suffered as a result of the alleged contractual breach.[1] The Court

---

[1] Breach of contract appears to be the basis of Count VII, NARS's "civil conspiracy" counterclaim, which is, as discussed above, the only potential counterclaim to which FSA and FSI could theoretically be added. Although the Court does not reach the merits of Count VII at this stage,

does not have sufficient information to reach the conclusion that FSA and FSI are parties who should be joined if feasible.[2] *Cf. Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 838-39 (11th Cir. 2017) (holding that district court did not err in concluding that movant did not carry her burden under Rule 19(a) where movant failed to demonstrate that she could not obtain full relief from the existing opposing party).

**IV.**

NARS also argues that, alternatively, FSA and FSI should be joined under Rule 20. "Rule 20(a) requires a plaintiff to demonstrate two prerequisites in order to permissively join a party: first, the claims against the party to be joined must arise out of the same transaction or occurrence, or series of transactions or occurrences, and second, there must be some question of law or fact common to all parties to be joined." *Vanover*, 857 F.3d 833 at 839 (internal quotations and citations omitted). When deciding whether to join parties under Rule 20, district courts have "broad discretion." *Id.* (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002)). Here, the Court finds that permissive joinder would be inappropriate, regardless of whether NARS has demonstrated the prerequisites. Joinder of FSI would deprive the Court of diversity jurisdiction, and that may be the case for joinder of FSA as well. *See* Doc. 27 at 11. Further, the Court is not persuaded by NARS's vague claims that joining FSA and FSI will avoid multiple lawsuits. The Court sees no reason to join FSA and FSI to NARS's counterclaim for civil conspiracy when there is no indication that they were parties to the CSA on which Count VII is based.

---

it is skeptical of the viability of a claim for civil conspiracy to breach a contract.

[2] Even if, as NARS alleges, the Court could not otherwise accord complete relief among existing parties, it is not feasible to join FSA and FSI if joinder would destroy the Court's diversity jurisdiction. NARS claims that FSI is not a diverse party, and it claims that it does not know whether FSA is a diverse party.

## V.

For the foregoing reasons, the Motion to Join Additional Parties to Counterclaim (Doc. 27) is **DENIED**. The Counterclaims alleged by NARS against FSA and FSI are **DISMISSED** without prejudice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 8, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party