# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OAKWOOD INSURANCE COMPANY,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No:　6:18-cv-437-Orl-31KRS

**NORTH AMERICAN RISK SERVICES, INC.,**

    **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** OAKWOOD'S PARTIALLY OPPOSED AMENDED MOTION TO STRIKE NARS' AFFIRMATIVE DEFENSES (Doc. No. 50)
>
> **FILED:** September 4, 2018
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

In the motion and the response thereto, the parties agree that Defendant North American Risk Services, Inc. ("NARS") will withdraw its first, second, tenth and twelfth affirmative defenses. Doc. No. 50, at 1; Doc. No. 51, at 3.  In its response to the motion, NARS states that it may wish to amend its sixth affirmative defense to state the defense of breach of an implied covenant of good faith and fair dealing.  Doc. No. 51, at 12-13.  Under these circumstances, NARS should be permitted to file an amended answer and amended affirmative defenses before the Court is required to resolve disputes under Fed. R. Civ. P. 12(f).  Accordingly, it is **ORDERED** that NARS shall file an amended answer and affirmative defenses on or before December 3, 2018.  NARS is reminded

that affirmative defenses in this Court must state in short and plain terms the defenses to each claim asserted against it. Fed. R. Civ. P. 8(b). While affirmative defenses do not have to be supported by detailed facts, they must provide Plaintiff with fair notice of each defense. *See Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-cv-1576-Orl-37TBS, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013).

After an amended answer is served, Plaintiff may file a renewed motion to strike within the time permitted by Rule 12(f), after conducting another good faith conference pursuant to Local Rule 3.01(g). Plaintiff is cautioned, however, that "[m]otions to strike are generally viewed with disfavor in part because they 'waste time by requiring judges to engage in busy work and judicial editing without addressing the merits of a party's claim.'" *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410609, at *2 (S.D. Fla. Nov. 6, 2012) (quoting *U.S. Bank Nat'l Ass'n v. Alliant Energy Res., Inc.*, No. 09-cv-78-bbc, 2009 WL 1850813, at *3 (W.D. Wis. June 26, 2009), and citing *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010)). Among other things, the Court will not resolve the merits of a defense in ruling on a motion to strike. *See, e.g., Cohen v. Storch*, No. 15-CIV-62726, 2016 WL 8737817, at *2 (S.D. Fla. Mar. 11, 2016). Even deficient defenses, to the extent that they raise relevant and substantial legal and factual questions, may survive a motion to strike. *Muschong v. Millennium Physician Group, LLC*, No. 2:13–cv–705–FtM–38CM, 2014 WL 1268574, at *1 (M.D. Fla. Mar. 27, 2014).[1] Accordingly, a motion to strike should be filed only

---

[1] Nevertheless, NARS should not assert affirmative defenses that are not supported by applicable law, *see Regions Bank v. Old Jupiter, LLC,* No. 10-80188-CIV, 2010 WL 5148467, at *6 (S.D. Fla. Dec. 13, 2010), *aff'd* 449 F. App'x 818 (11th Cir. 2011)(citations omitted)(when plaintiff seeks only damages the unclean hands doctrine does not apply). It should also not assert affirmative defenses based on theories that have already been rejected in this case. An affirmative defense is not a proper means to ask the Court to reconsider previous rulings despite NARS' argument to the contrary (Doc. No. 51, at 19-20).

- 3 -

if Plaintiff can establish that a particular affirmative defense has no possible relation to the controversy and may cause her prejudice, *Regions Bank*, 2012 WL 5410609, at *2.

**DONE** and **ORDERED** in Orlando, Florida on November 26, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE